United States District Court
Southern District of Texas
**ENTERED**
February 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS  MORELAND, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-269 |
| | § | |
| DON'SHAY  MCCOY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS, TO RETAIN CASE, AND TO DENY
PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT**

Plaintiff Carlos Moreland is a Texas inmate appearing *pro se* and *in forma pauperis*.  He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.  Pending before the Court is Plaintiff's Motion for Declaratory Judgment.  (D.E. 24).

For purposes of screening, Plaintiff has stated deliberate indifference claims against **Dr. Don'Shay McCoy, Dr. Sara Handcock, and both John Doe Defendants in their individual capacities for monetary relief**.  Accordingly, it is respectfully recommended that these claims against Defendants be **RETAINED.**  The undersigned will order service on Defendants.  The undersigned further recommends that Plaintiff's deliberate indifference claims against **Defendants in their official capacities for**

**injunctive relief** be **DISMISSED** as moot.  Lastly, it is respectfully recommended that Plaintiff's Motion for Declaratory Judgment (D.E. 24) be **DENIED as premature**.

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas.  Plaintiff sues the following four defendants in this action: (1) Don'Shay McCoy, Hepatitis C (Hep. C) Specialist Physician; (2) Dr. Sara Handcock, Hep. C Specialty Physician; (3) John Doe, Supervisor Hep. C Clinic Protocol, Hep. C Clinic Treatment Committee; and (4) John Doe, Correctional Managed Healthcare, Hep. C Clinic Treatment Committee.  Plaintiff alleges that Defendants have acted with deliberate indifference to his serious medical needs by failing to treat his chronic Hep. C condition with the latest drugs called direct acting antivirals (DAAs), which he states are at least 90% effective in curing his condition.  Plaintiff seeks injunctive relief against Defendants in their official capacities and monetary relief against them in their individual capacities. He also seeks declaratory relief.

On October 1, 2018, Plaintiff filed a More Definite Statement.  (D.E. 10).  He subsequently filed an Additional More Definite Statement.  (D.E. 36).  On November 5,

2018, the undersigned conducted a *Spears*[1] hearing.  The next day, the undersigned ordered the Office of the Attorney General (OAG) to submit a response to Plaintiff's Motion for Preliminary Injunction and a *Martinez*[2] report to assist the Court in evaluating whether a preliminary injunction is warranted.  (D.E. 18).  The OAG has filed both its response and the *Martinez* report (D.E. 33).[3]

The following representations were made either in Plaintiff's original complaint (D.E. 1), his more definite statements (D.E. 10, 36), or at the *Spears* hearing.  Plaintiff is a 56-year old male.  Plaintiff has been in TDCJ custody since 1992.  He was infected with Hep. C in the early to middle 1990s.  (D.E. 10, p. 21).  A physical examination in 2004 confirmed that Plaintiff suffers from chronic Hep. C.  (D.E. 10, p. 21).  Plaintiff, however, did not meet the requirements at that time for Hep. C treatment involving a drug called Interferon.  (D.E. 10, p. 21).  He arrived at the McConnell Unit in June 2018.

In addition to being diagnosed with Hep. C, Plaintiff suffers from seizures, hyperlipidemia, hypertension, asthma, possible F-4 cirrhosis, and possible gallbladder polyps.  Plaintiff believes that some of these maladies are caused directly or made worse by his Hep. C condition.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

[2] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *Cay v. Estelle*, 789 F.2d 318, 323 n. 4 (5th Cir. 1986). *See also Cay v. Estelle,* 789 F.2d 318, 323 n. 4 (5th Cir.1986) (Fifth Circuit approved of the use of *Martinez* Reports in order to develop the factual basis of inmate claims).

[3] Plaintiff's motion seeking preliminary injunctive relief will be addressed separately.

Plaintiff testified at the *Spears* hearing that, sometime in 2015, he was placed on a list for monitoring his Hep. C condition.  (D.E. 27, p. 7).  From 2016 through 2018, Plaintiff's symptoms show a progression to Fibrosis 2 (F2).  (D.E. 10, p. 21).  Defendants were initially authorized under the TDCJ protocol to provide DAAs to prisoners with F3 or cirrhosis and esophageal varices.  (D.E. 10, p. 22).  On November 9, 2015, Plaintiff refused to receive an ultrasound for his liver due to feeling sick.  (D.E. 10, p. 23).  Beginning in 2016, Plaintiff attended all of his Hep. C medical appointments regardless how he felt.  (D.E. 10, p. 23; D.E. 27, p. 7).  As of May 4, 2018, Dr. McCoy knew that Plaintiff's condition was progressing to severe liver damage.  (D.E. 10, p. 23).  Dr. McCoy informed Plaintiff during his appointment in August 2018 that he had early-stage cirrhosis.  (D.E. 10, p 24).

Plaintiff alleges that while his health deteriorated due to the progression of his Hep C condition, Defendants refused to provide him with DAAs such as Harvoni or Sovaldi which have a 90-95% chance of curing his Hep. C condition.  (D.E. 2, pp. 2, 4; D.E. 10, pp. 4-6, 13, 16).  According to Plaintiff, individuals with Hep. C have an increased chance of developing cirrhosis of the liver, severe scarring of the liver, and eventually liver cancer or severe fibrosis.  (D.E. 2, pp. 2-4; D.E. 10, p. 10).

Plaintiff has been requesting treatment for years in order to stop the development of cirrhosis, but to no avail.  (D.E. 10, p. 2).  Plaintiff alleges Defendants' denial of proper treatment has caused Plaintiff substantial harm and on-going, irreversible damage to his liver.  (D.E. 10, p. 3).  Plaintiff indicates that he is in the early stages of cirrhosis as well as fibrosis.  Plaintiff states that he now has liver scarring, F4 cirrhosis, as well as

symptoms including extreme lethargy, headaches, liver inflammation, depression, abdominal pains, and low platelet counts. (D.E. 10, p. 3). At the time of the *Spears* hearing, Plaintiff had received no medication either for his Hep. C condition or possible early-stage cirrhosis condition. (D.E. 27, pp. 8-9).

Dr. McCoy, a Hep. C specialty physician, is currently responsible for Plaintiff's Hep. C care. (D.E. 10, p. 6). At the *Spears* hearing, Plaintiff indicated that Dr. McCoy had recently recommended Plaintiff to receive treatment at another facility. (D.E. 27, p. 13). Dr. Handcock, another Hep. C specialty physician, was reportedly responsible for treating Plaintiff while he was previously assigned to the Polunsky Unit. (D.E. 10, pp. 6-7). Dr. Handcock examined, monitored, and treated Plaintiff's Hep. C condition from 2015 through early 2018. (D.E. 27, p. 18).

One of the John Doe defendants, who apparently is Dr. McCoy's supervisor, initially made the decision not to give Plaintiff DAAs. Plaintiff alleges this John Doe defendant has the ultimate authority to determine whether Plaintiff will receive DAAs. (D.E. 10, pp. 7-8; D.E. 27, p. 18). Plaintiff names another John Doe defendant, who is part of a Hep. C Clinic Treatment Committee responsible for setting forth the protocols for Hep. C Treatment. (D.E. 27, p. 20). According to Plaintiff, these John Doe defendants, as well as other unnamed individuals, adopted and implemented TDCJ's protocol knowing that the standard of care in the community is to treat all those patients with chronic Hep. C. (D.E. 10, p. 18; D.E. 27, pp. 19-20). Plaintiff complains that the current protocol denies prisoners treatment until they develop cirrhosis. (D.E. 10, p. 19).

### III.    MOTION FOR DECLARATORY JUDGMENT

Plaintiff moves the Court to enter a declaratory judgment against Defendants. (D.E. 24).  Plaintiff states in this motion that: (1) despite the presence of medical records showing progression of liver disease due to his Hep. C condition, Defendants deliberately denied him DAA medications for years and left his condition untreated; (2) on August 9, 2018, Dr. McCoy finally ordered DAA treatment for Plaintiff's Hep. C condition because he had developed early-stage cirrhosis; and (3) over three months later, on November 19, 2018, Plaintiff started receiving the DAA drugs Epclusa and Ranitidine.  (D.E. 24, p. 3-6).  Plaintiff states, however, that the delay in receiving DAA drugs until he had developed cirrhosis and fibrosis has reduced the efficiency of the DAA drugs.  (D.E. 24, p. 5).

Plaintiff seeks the following declaratory judgment against Defendants: (1) their denial of needed DAA medications for his Hep. C condition violates his Eighth Amendment rights; (2) delays associated with receiving DAA treatment after he had developed cirrhosis were without medical justification and in violation of his Eighth Amendment rights; and (3) Defendants' established protocols, which prevent inmates like Plaintiff from receiving DAA treatment before they develop complications such as fibrosis or cirrhosis, violate Plaintiff's Eighth Amendment rights.  (D.E. 24, pp. 7- 10).  Plaintiff contends that Defendants are responsible for the protocols and policies that have resulted in his injuries.  (D.E. 24, p. 10).

The OAG has filed an *amicus curiae* response, contending that Plaintiff's motion seeking declaratory relief is premature because no defendants have been served or

otherwise have appeared in this case to defend against the allegations set forth by Plaintiff. (D.E. 29). The undersigned agrees. Plaintiff essentially asks the Court to grant final declaratory relief on his Eighth Amendment claims before Defendants have had an opportunity to be served and file responsive pleadings. It is respectfully recommended, therefore, that Plaintiff's Motion for Declaratory Judgment (D.E. 24) be denied as premature.

## IV. LEGAL STANDARD ON INITIAL SCREENING

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## V.     DISCUSSION

Plaintiff claims that Defendants have acted with deliberate indifference to his serious medical needs by failing to treat his chronic Hep. C condition in a timely manner with DAAs which are 90-95% effective in curing his condition.  The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted).  A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm. *Id.* at 834.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs.  *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  Deliberate indifference requires that prison officials both be aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act.  *Farmer*, 511 U.S. at 837.

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).  A "delay in medical care can only constitute an

Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm.*"  *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis in original).

"Deliberate indifference is an "extremely high standard to meet."  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights.  *Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). Furthermore, "unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with [his] medical treatment, absent exceptional circumstances."  *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012).

Plaintiff alleges that Drs. Handcock and McCoy provided inadequate care for Plaintiff's Hep. C condition by allowing it to progress to where he developed cirrhosis and fibrosis before ordering or recommending DAA treatment.  Plaintiff's allegations indicate that the John Doe defendants: (1) were responsible for setting forth the protocols for Hep. C treatment; and/or (2) were the decisionmakers as to whether Plaintiff would receive his requested DAA medications.  Plaintiff acknowledges in his Motion for Declaratory Judgment that he is currently receiving DAA treatment for his Hep. C. condition.  Nevertheless, he maintains that Defendants actions under established Hep. C protocols unconstitutionally delayed his treatment until after he had developed complications such as fibrosis and cirrhosis.  According to Plaintiff, Defendants actions in denying and delaying DAA treatments constitute deliberate indifference to his serious

medical needs, especially since DAA treatments become less effective the more the liver is compromised.

Accepting Plaintiff's allegations as true, which is required at this stage of the proceedings, Plaintiff has alleged sufficient facts to state deliberate indifference claims against Defendants in their individual capacities.   Accordingly, the undersigned recommends retaining Plaintiff's deliberate indifference claims against Defendants McCoy, Handcock, and the two John Doe Defendants in their individual capacities.

Plaintiff seeks injunctive relief against Defendants in the form of receiving DAAs immediately.  However, because he is currently receiving DAA medications for his Hep. C condition,[4] Plaintiff's requests for injunctive relief are now rendered moot. Accordingly, it is respectfully recommended that Plaintiff's deliberate indifference claims seeking injunctive relief against Defendants in their official capacities be dismissed as moot.

## VI.    RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state claims of deliberate indifference to his serious medical needs against **Dr. Don'Shay McCoy, Dr. Sara Handcock, and both John Doe Defendants in their individual**

---

[4] The OAG has submitted as part of their *Martinez* report evidence to show that Plaintiff has been approved for and is currently receiving DAAs for his Hep. C condition.  Despite the fact that such evidence has been placed into the record, the undersigned notes that this case is still at the pleading stage.  *See Denby v. Norwood*, No. 7:13-CV-140, 2016 WL 2937470, at *2 (N.D. Tex. Apr. 26, 2016).  Thus, the undersigned does not consider the evidence submitted in connection with the *Martinez* report for purposes of deciding whether Plaintiff has stated a claim for relief at the screening stage.  Nevertheless, as discussed herein, Plaintiff acknowledge he is currently being treated with DAAs.

**capacities for monetary relief**.  Accordingly, it is respectfully recommended that these claims against Defendants be **RETAINED.**  The undersigned will order service on these defendants.  It is respectfully recommended further that Plaintiff's deliberate indifference claims seeking injunctive relief against **Defendants in their official capacities for injunctive relief** be **DISMISSED** as moot.   Lastly, it is respectfully recommended that Plaintiff's Motion for Declaratory Judgment (D.E. 24) be **DENIED as premature**.

Respectfully submitted this 8th day of February 2019.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).