Case 2:18-cv-00269 Document 155 Filed on 09/21/20 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS MORELAND, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-269 |
| | § | |
| DON'SHAY MCCOY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND MOTION FOR FURTHER RELIEF AND TO ENFORCE**

Plaintiff Carlos Moreland, proceeding *pro se* and *in forma pauperis* has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's Motion for Default Judgment (D.E. 142) and Motion for Further Relief and to Enforce (D.E. 149).

In his Comprehensive Second Amended Complaint filed on January 13, 2020, Plaintiff sues Sara Hancock, Don'Shay McCoy, Jessica Khan, Chris Black-Edwards, Lannette Linthicum, and Kirk D. Abbott (collectively "Defendants"). (D.E. 112, 113). In a Memorandum and Recommendation issued on May 11, 2020 (M&R), the undersigned recommended that the Court: (1) grant in part and deny in part the Second Motion to Dismiss filed by Defendants Hancock, McCoy, and Kahn; (2) grant in part and deny in part the Second Motion to Dismiss filed by Defendants Black-Edwards and Linthicum; and (3) deny the Second Motion to Dismiss filed by Defendant Abbott. (D.E.

130). Senior United States District Judge Hilda G. Tagle subsequently adopted in substance the M&R. (D.E. 148).

On May 11, 2020, the undersigned ordered Defendants to submit their answers to Plaintiff's Comprehensive Second Amended Complaint within thirty days. (D.E. 129). Plaintiff moves the Court to enter a default judgment against Defendants Linthicum and Black, contending that they did not file an answer to his Comprehensive Second Amended Complaint. (D.E. 142).

Federal Rule of Civil Procedure 55 provides in pertinent part that:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Plaintiff is not entitled to default judgment in this case. Contrary to his contention, Defendants Linthicum and Black filed their answer to Plaintiff's Comprehensive Second Amended Complaint in a timely fashion. (D.E. 137). Thus, they have successfully appeared and defended themselves against Plaintiff's allegations. Because Plaintiff is not entitled to relied under Rule 55(a), it is respectfully recommended that his Motion for Default Judgment (D.E. 142) be **DENIED**.

Plaintiff also moves the Court for relief pursuant to Federal Rule of Civil Procedure 70(a). (D.E. 149). This rule provides that, if a judgment requires a party to

perform a specific act, "the court may order the act to be done – at the disobedient party's expense, by another person appointed by the court." (D.E. 149, pp. 5-6).

Plaintiff contends that, on May 11, 2020, the undersigned granted Plaintiff's request for injunctive relief to have Defendants Khan and Linthicum arrange for Plaintiff to be evaluated, examined, and treated by an independent liver specialist. (D.E. 149, pp. 2-3). Because Defendants Khan and Linthicum failed to comply with the Court's order granting injunctive relief, Plaintiff seeks relief under Rule 70(a). (D.E. 149, pp. 3, 5-7).

In the M&R issued on May 11, 2020, the undersigned found that Plaintiff had alleged sufficient facts to state deliberate indifference claims against each defendant, including Defendants Kahn and Linthicum in their individual and official capacities. (D.E. 130, pp. 25-28). The undersigned did not consider in the M&R whether Plaintiff was entitled to either preliminary or permanent injunctive relief. Plaintiff otherwise fails to point to any judgment entered in this case requiring Defendants Kahn and Linthicum to perform a specific act. Accordingly, it is respectfully recommended that Plaintiff's motion for relief under Rule 70(a) (D.E. 149) be **DENIED**.

ORDERED this 21st day of September 2020.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

Case 2:18-cv-00269   Document 155   Filed on 09/21/20 in TXSD   Page 4 of 4

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).

4 / 4